Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
680 E. Colorado Blvd., Suite 180
Pasadena, CA 91101
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Counsel for Plaintiff and the Putative Class Members*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAL KOMORSKI, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>FIREWORKS.AI, INC., a Delaware corporation,<br><br>Defendant. | Case No. 26-cv-13987<br><br>Assigned to:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Negligence<br>2. Negligence *Per Se*<br>3. Unjust Enrichment<br>4. 625 ILCS 5/6-117.1<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

Plaintiff, Michal Komorski ("Plaintiff"), individually and on behalf of others similarly situated, by and through his undersigned counsel, and for his Class Action Complaint against Defendant Fireworks.AI, Inc. ("Fireworks AI" or "Defendant"), alleges as follows based upon personal knowledge with respect to himself and on information and belief derived from, among other things, investigation by counsel and review of public documents as to other matters.

## NATURE OF THE ACTION

1. This proposed class action concerns an October 2026 cybersecurity incident ("Data Breach") in which an unauthorized actor used compromised credentials associated with Fireworks.AI, Inc. ("Fireworks") to gain access to information held in connection with services

provided to Uber Technologies, Inc. ("Uber"). The information accessed included images of drivers' licenses and information extracted from those images.[1]

2. Uber disclosed that the exposed information included names, addresses, dates of birth, and driver's-license numbers ("Private Information").[2] This combination of identifying information can facilitate impersonation and identity-related fraud and is difficult or impossible for affected persons to replace in its entirety.

3. Plaintiff Michal Komorski brings this action individually and on behalf of similarly situated persons whose personal information was accessed in the incident. Plaintiff alleges that Fireworks failed to employ reasonable safeguards appropriate to the nature and sensitivity of information maintained access to in connection with its services to Uber.

4. The attack was not merely hypothetical. Uber's investigation determined that an unauthorized third party actually accessed personal information associated with affected individuals.

5. Plaintiff seeks compensation for legally cognizable injuries caused by the incident and appropriate declaratory and equitable relief.

6. Illinois law also restricts the collection, use, disclosure, and retention of information obtained from Illinois driver's licenses.

7. Under 625 ILCS 5/6-117.1(a), such information may be used only for identification or purposes related to the commercial transaction for which it was obtained, and may not be disclosed to any third party without authorization.

8. These restrictions are particularly significant here because the compromised information included both images of drivers' licenses and identifying information extracted from those images, and was accessed by an unauthorized third party due to Fireworks' failure to maintain appropriate data security standards and measures.

[1] See e.g., November 10, 2026 regulatory notifications, https://databreachnoticetoattorneygeneral.illinoisattorneygeneral.gov/databreach-search (see case # 26-11-1663); https://www.iowaattorneygeneral.gov/media/cms/11102026_Uber_Technologies_Inc_089721E61CBAB.pdf

[2] *Id.*

9. Defendant's disclosure of Illinois driver's license information including, upon information and belief, Illinois driver's license images and extracted information therefrom, to third parties without authorization was in violation of 625 ILCS 5/6-117.1(a).

## PARTIES

10. Plaintiff Michal Komorski is a natural person and resident of Illinois and a former Uber driver who uploaded his Illinois driver's license to verify his identity during Uber's onboarding process.

11. Defendant Fireworks.AI, Inc. is a Delaware corporation with its principal place of business in San Mateo, California.

## JURISDICTION AND VENUE

12. This Court may assert subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant; and none of the exceptions under subsection 1332(d) apply.

13. The Court has personal jurisdiction over Defendant because it is headquartered in San Mateo, California, regularly conducts business in this District, and has extensive contacts with this forum.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Defendant transacts substantial business in this District.

## COMMON FACTS

15. Uber collects and maintains identification information relating to drivers, including driver's-license images and information taken from those images, for purposes connected with its platform and operations.

16. Uber maintains the Private Information that it obtains from individuals' drivers license in what was purported to be a secure cloud storage environment. Uber has stated that the

environment was subject to its cloud security-management processes and oversight by its Cloud Security team.[3]

17. Fireworks was the vendor responsible for maintaining access and control over the cloud storage environment containing the Private Information at issue. As such, Fireworks undertook responsibilities to use safeguards reasonably suited to protect against unauthorized use of credentials and access privileges to the Private Information.

18. Nonetheless, on October 6, 2026, Defendant reported that it identified an incident involving the unauthorized use of internal credentials. Fireworks stated that a third party gained access to environment variables, including certain secrets such as API keys and tokens, associated with some customer accounts.[4]

19. Shortly thereafter, Uber reported to state regulators that an unauthorized actor used compromised credentials on October 7, 2026, to access Uber data. On October 9, 2026, while not explicitly named, Fireworks notified Uber of the compromise and the resulting access to Uber's account and the Private Information stored in its cloud environment.

20. After receiving notice, Uber severed its connections to Fireworks and began investigating. Uber stated that its investigation established on October 13, 2026, that compromised credentials had been used to access Uber data containing personal information.[5]

21. Uber disclosed that the information included images of drivers' licenses and extracted text reflecting names, addresses, dates of birth, and license numbers.

22. Uber further disclosed that the impacted information resided in a cloud-storage environment that was accessed through Fireworks. Although Uber had enabled alerts for the environment, it explained that the use of credentials that were validated by Fireworks and data

---

[3] See e.g., November 10, 2026 regulatory notifications, https://databreachnoticetoattorneygeneral.illinoisattorneygeneral.gov/databreach-search (see case # 26-11-1663); https://www.iowaattorneygeneral.gov/media/cms/11102026_Uber_Technologies_Inc_089721E61CBAB.pdf

[4] https://fireworks.ai/security/bulletins/october-2026-security-incident

[5] See e.g., November 10, 2026 regulatory notifications, https://databreachnoticetoattorneygeneral.illinoisattorneygeneral.gov/databreach-search (see case # 26-11-1663); https://www.iowaattorneygeneral.gov/media/cms/11102026_Uber_Technologies_Inc_089721E61CBAB.pdf

flows Fireworks itself permitted meant no alerts were triggered when the Private Information was accessed through Fireworks.

23. Uber stated that the compromised credentials did not provide access to its other systems. Plaintiff does not allege, without further evidence, that the intruder obtained access to Uber systems outside the identified environment.[6]

24. On November 10, 2026, Uber issued a form notice explaining the incident and offering affected recipients complimentary credit monitoring and fraud-assistance services. Uber stated in that notice that it had not identified misuse of the information as of the notice date.

25. As a provider entrusted with maintaining and controlling access to sensitive Personal Information, Fireworks knew or reasonably should have known that stolen credentials could enable unauthorized access through otherwise permitted pathways.

26. Reasonable protection required security measures appropriate to the sensitivity of driver-identification information, including reasonable controls on Fireworks' credential privileges, authentication, access pathways, anomaly detection, and response to compromised secrets.

27. Uber's statement that alerts did not trigger because the intruder used valid credentials underscores the foreseeable danger of stolen service-provider credentials. Plaintiff alleges that Fireworks failed to maintain reasonable controls to prevent the compromise or misuse of credentials entrusted to it.

28. Fireworks stated that, following its investigation, it revoked or replaced credentials, reduced elevated privileges, limited network pathways, tightened data-access controls, and enhanced monitoring.

29. On information and belief, Fireworks failed to maintain safeguards reasonably sufficient to prevent or reduce unauthorized use of its compromised credentials, thereby permitting access to the driver information alleged here.

---

[6] *Id.*

30. The Illinois General Assembly enacted 625 ILCS 5/6-117.1 to protect individuals against the misuse of information obtained from their driver's licenses. The statute limits the purposes for which businesses may use such information and restricts its disclosure to third parties.

31. Section 6-117.1(a) provides that information obtained from a driver's license to identify an individual or in the course of a commercial transaction may be used only for identification or completing the transaction, including subsequent payment, processing, collection, and other related actions.

32. Section 6-117.1(a) additionally prohibits using driver's license information for purposes unrelated to the transaction in which it was obtained and restricts the sale, lease, or provision of such information to third parties.

33. Under Section 6-117.1(b), individuals whose driver's license information has been used in violation of the statute may recover actual damages, but not less than liquidated damages of $250 for each violation, together with reasonable attorney's fees and costs.

34. The statute recognizes exceptions, including where an individual gives express permission for a particular use, where information originates from a source other than the driver's license, and for certain uses and transfers specified in subsections (e) and (f).

35. The information compromised in the October 2026 incident included images of drivers' licenses and text extracted from those images, including names, residential addresses, dates of birth, and driver's license numbers.

36. Uber maintained this information in a cloud-storage environment that Fireworks controlled access to.

37. Defendant Fireworks AI operates an artificial intelligence infrastructure platform offering, among other services, model inference, fine-tuning, model training, and dataset processing. Defendant's services include the ability to access and process customer-provided datasets and, depending on the service and configuration, maintain datasets and related training materials.

38. Information extracted from a driver's license retains its identifying character when converted into electronically stored text. Accordingly, the information exposed in the incident

included not only images of identification documents but also the identifying information obtained from those documents.

As such, the October 7, 2026 data breach resulted in Fireworks disclosing Plaintiff's and the other Class Members' Private Information as a result of an unauthorized third party using compromised credentials that controlled access to the cloud-storage environment containing this information. The compromised credentials permitted access through pathways that were otherwise used for authorized vendors and users of the information related to Uber's commercial transactions.

## CLASS ALLEGATIONS

39. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings his claims individually and on behalf of the following Class and Subclass, defined as follows:

> **Class:** All individuals in the United States whose driver's-license images or extracted driver-identification information was maintained by Uber and were accessed by an unauthorized third party in or around the October 2026 breach.
>
> **Illinois Subclass:** All individuals in the United States whose driver's-license images or extracted driver-identification information from an Illinois driver's license was maintained by Uber and were accessed by an unauthorized third party in or around the October 2026 breach.

40. Excluded from the Class are: (1) Defendant; (2) Defendant's officers and directors, those persons' immediate families, and the successors and predecessors of any such excluded person or entity; (3) any Judge presiding over this action, their staff, and the members of their family; (4) persons who properly and timely request exclusion; (5) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; and (6) Plaintiff's counsel and Defendant's counsel, and their experts and consultants.

41. **Adequacy.** Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other Class members, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

42. **Predominance & Superiority.** Absent a class action, most Class members would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

43. **Final Declaratory or Injunctive Relief.** Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the Class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

44. **Typicality.** The factual and legal basis of Defendant's liability to Plaintiff and to the other Class members are the same, resulting in injury to Plaintiff and to all of the other members of the Class. Plaintiff and the other members of the Class have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

45. **Numerosity.** Upon information and belief, there are thousands, if not hundreds of thousands, of Class members such that joinder of all members is impracticable.

46. **Commonality.** There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

A. Whether Defendant engaged in the conduct alleged herein;

B. Whether Defendant failed to implement and maintain reasonable security measures, including appropriate credential-management practices, authentication procedures, access controls, and monitoring systems, to protect Plaintiff's and Class Members' Private Information;

C. Whether Defendant knew or should have known that its systems, credentials, or security practices were vulnerable to unauthorized access;

D. Whether Defendant adequately detected, investigated, contained, and responded to the Data Breach, including providing or facilitating timely notice to affected individuals;

E. Whether Defendant owed Plaintiff and Class Members a duty to safeguard their Private Information and breached that duty;

F. Whether Defendant's conduct violated applicable state or federal laws, including laws governing data security and the protection of personal information;

G. Whether Defendant's acts or omissions caused or substantially contributed to the unauthorized access to or acquisition of Plaintiff's and Class Members' Private Information;

H. Whether Defendant was unjustly enriched by retaining benefits associated with its handling of Plaintiff's and Class Members' Private Information while failing to provide reasonable safeguards;

I. Whether Defendant obtained, accessed, used, or disclosed Illinois Subclass Members' driver's license information for purposes prohibited by 625 ILCS 5/6-117.1;

J. Whether Defendant's handling of such driver's license information was expressly authorized or otherwise permitted under 625 ILCS 5/6-117.1;

K. Whether Plaintiff and Class Members suffered legally cognizable injuries and are entitled to damages, statutory damages, attorney's fees, costs, or other appropriate relief.

## **FIRST CAUSE OF ACTION**

### **NEGLIGENCE**
### **(On Behalf of Plaintiff and the Nationwide Class)**

47. Plaintiff incorporates all of the allegations and statements made above as if fully stated herein.

48. Defendant knowingly received, accessed, and exercised control over Plaintiff's and Class Members' Private Information in connection with services provided to Uber. By undertaking to handle such information, Defendant owed Plaintiff and Class Members a duty to exercise reasonable care in safeguarding, securing, and protecting their Private Information from unauthorized access, acquisition, disclosure, theft, and misuse.

49. Defendant's duty included implementing and maintaining reasonable procedures designed to detect and investigate security incidents, identify unauthorized access to its systems and credentials, and respond promptly to any compromise of Private Information.

50. Defendant knew or reasonably should have known of the risks associated with maintaining sensitive Private Information and credentials providing access to such information, including the foreseeable risk that unauthorized third parties would attempt to exploit vulnerabilities in its systems, credentials, and access controls.

51. Defendant owed Plaintiff and Class Members a duty to exercise reasonable care in obtaining, accessing, securing, safeguarding, and protecting their Private Information. Such duties included, but were not limited to:

a. Exercising reasonable care in the collection, receipt, use, protection, and access to Private Information;

b. Maintaining reasonable and adequate security procedures and systems consistent with recognized industry standards;

c. Implementing procedures reasonably designed to prevent the loss, theft, unauthorized access, or disclosure of Private Information;

d. Employing reasonable security measures to protect Private Information from unauthorized third parties, consistent with applicable data security obligations;

e. Implementing appropriate authentication, credential-management, and access-control procedures to prevent unauthorized access to systems and customer information; and

f. Detecting and investigating potential security incidents, taking appropriate corrective measures, and providing or facilitating timely notification to affected individuals as required by applicable law.

52. Defendant was required to employ reasonable data security measures, including those consistent with the standards reflected in Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, which prohibits unfair or deceptive acts or practices in or affecting commerce and has been applied by the Federal Trade Commission to unreasonable data security practices.

53. Defendant also owed a duty to exercise reasonable care because it undertook responsibility for maintaining credentials and access privileges capable of exposing sensitive information entrusted to it in connection with its business operations.

54. Plaintiff and Class Members were foreseeable victims of Defendant's alleged failure to implement reasonable security measures. Defendant knew or should have known that inadequate protection of its internal credentials and access privileges could expose Plaintiff's and Class Members' Private Information to unauthorized access and misuse.

55. Defendant breached its duties to Plaintiff and Class Members by failing to exercise reasonable care in securing and safeguarding the Private Information to which its systems and credentials provided access to.

56. Defendant further breached its duties by failing to establish, implement, or maintain reasonable computer systems, credential-management procedures, access controls, and data security practices sufficient to protect Plaintiff's and Class Members' Private Information against foreseeable unauthorized access.

57. Defendant, through its acts and omissions, breached its duty of care by failing to prevent unauthorized access through compromised internal credentials and by failing to maintain reasonable safeguards designed to detect, prevent, and limit such unauthorized access.

58. Defendant's negligent acts and omissions included, but were not limited to:

a. Failing to adopt, implement, and maintain reasonable security measures to safeguard Plaintiff's and Class Members' Private Information;

b. Failing to adequately monitor the security of its computer networks, systems, credentials, and access privileges;

c. Failing to periodically assess whether its systems and credential-management procedures maintained reasonable safeguards against foreseeable cybersecurity threats;

d. Failing to adequately restrict and protect credentials capable of permitting access to Plaintiff's and Class Members' Private Information;

e. Permitting unauthorized third parties to access Private Information through compromised credentials;

f. Failing to employ reasonable authentication, access-control, and credential-management practices;

g. Failing to timely detect unauthorized access to credentials or systems containing or providing access to Private Information; and

h. Failing to take reasonable and timely measures to contain the Data Breach, mitigate the risk of identity theft and fraud, and facilitate notice to affected individuals as required by applicable law.

59. Defendant further acted with disregard for the foreseeable interests of Plaintiff and Class Members by allegedly failing to implement reasonable measures to protect their Private Information against unauthorized access and acquisition.

60. Defendant had a responsibility to use reasonable safeguards appropriate to the sensitivity of the Private Information placed within its access or control. Plaintiff and Class Members had no practical ability to supervise Defendant's internal cybersecurity practices or independently secure its credentials and systems.

61. Plaintiff's and Class Members' Private Information was accessed and acquired by unauthorized third parties as a direct and foreseeable result of Defendant's alleged failure to adequately protect its systems and credentials.

62. Defendant's failures were a substantial factor in causing the Data Breach and the resulting compromise of Plaintiff's and Class Members' Private Information.

63. As a consequence of Defendant's conduct, Plaintiff and Class Members have suffered or face the consequences of unauthorized access to their Private Information, including injuries arising from identity theft or attempted identity theft, loss of control over sensitive identifying information, and reasonable expenditures of time and money to prevent, detect, or mitigate misuse, to the extent established by the evidence.

64. Defendant's alleged failure to adequately safeguard the Private Information also deprived Plaintiff and Class Members of the security protections that Defendant was responsible for maintaining in connection with its handling of that information.

65. The injuries suffered by Plaintiff and Class Members were foreseeable consequences of Defendant's failure to implement and maintain reasonable data security measures.

66. Defendant also had independent duties under applicable state laws governing the reasonable protection of personal information and the handling of security incidents, to the extent those laws apply to its conduct.

67. As a direct and proximate result of Defendant's negligence, Plaintiff and Class Members have suffered damages, including reasonable mitigation expenses, lost time, and other legally cognizable injuries, in amounts to be established through discovery and at trial.

68. Plaintiff and Class Members have suffered injuries and are entitled to recover damages in amounts to be determined at trial. In addition to monetary relief, Plaintiff and Class Members seek appropriate injunctive relief, to the extent available under applicable law, requiring Defendant to implement reasonable safeguards, improve its cybersecurity practices, and provide or fund appropriate identity theft protection and monitoring services where warranted.

## SECOND CAUSE OF ACTION

### NEGLIGENCE *PER SE*
### (On Behalf of Plaintiff and the Nationwide Class)

69. Plaintiff incorporates all of the allegations and statements made above as if fully stated herein.

70. Section 5 of the FTCA, 15 U.S.C. § 45, prohibits unfair or deceptive acts or practices in or affecting commerce. The Federal Trade Commission has applied this provision to businesses that fail to use reasonable measures to secure sensitive personal information against unauthorized access and disclosure.

71. Defendant owed Plaintiff and Class Members a duty to exercise reasonable care in maintaining computer systems, credentials, and access controls capable of exposing their Private Information. Plaintiff alleges that Section 5 of the FTCA informs the applicable standard of care to the extent permitted by governing state law.

72. Defendant failed to employ reasonable data security measures, including adequate authentication procedures, credential protection, access restrictions, security monitoring, intrusion detection, and other safeguards reasonably necessary to protect Plaintiff's and Class Members' Private Information.

73. The FTCA prohibits unfair practices in or affecting commerce. Plaintiff alleges that the failure to implement reasonable and appropriate cybersecurity measures to protect sensitive personal information may constitute an unfair practice where the requirements of Section 5 are otherwise satisfied.

74. Defendant's failure to employ reasonable safeguards allegedly permitted

unauthorized third parties to obtain and misuse compromised credentials, thereby accessing and acquiring Plaintiff's and Class Members' Private Information.

75. The compromise of sensitive identifying information was a foreseeable consequence of inadequate cybersecurity measures. Defendant knew or should have known that a failure to maintain reasonable credential-management and access-control procedures could result in unauthorized access to personal information.

76. Plaintiff and Class Members belong to the class of persons whose sensitive personal information the data security requirements reflected in the FTCA are intended to protect.

77. Defendant's alleged failure to employ reasonable measures to secure its systems and credentials exposed Plaintiff and Class Members to the type of injury that reasonable data security safeguards are intended to prevent.

78. Defendant's acts and omissions constituted breaches of the applicable standard of care, including the standard reflected in Section 5 of the FTCA, and constituted negligence *per se* under applicable law.

79. As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members suffered injuries and damages, including those arising from unauthorized access to their Private Information, reasonable efforts to mitigate the consequences of the Data Breach, and other legally compensable losses.

80. Defendant's alleged violations of the applicable standard of care were a substantial factor in causing the unauthorized access to and acquisition of Plaintiff's and Class Members' Private Information.

81. Plaintiff and Class Members have suffered injuries and are entitled to compensatory damages and such other monetary relief as may be permitted under applicable law.

82. Plaintiff and Class Members also seek appropriate injunctive relief, to the extent authorized by applicable law, requiring Defendant to implement reasonable security safeguards, improve its monitoring and credential-management procedures, and provide appropriate protection against continued misuse of compromised Private Information.

## THIRD CAUSE OF ACTION

**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Nationwide Class)**

83. Plaintiff incorporates all of the allegations and statements made above as if fully stated herein.

84. Plaintiff and Class Members provided their Private Information to Uber in connection with their use of its services. Defendant, in turn, received access to and processed such information in connection with its business relationship with Uber. Upon information and belief, Defendant received compensation or other economic benefits for providing services that involved access to Plaintiff's and Class Members' Private Information.

85. Plaintiff and Class Members reasonably expected that their sensitive Private Information would be handled and protected through appropriate security practices. Defendant received economic benefits in connection with its handling of use and access to their Private Information while failing to undertake reasonable expenditures and measures necessary to safeguard the Private Information to which it maintained and controlled access.

86. Upon information and belief, Defendant allocated insufficient resources to the security measures necessary to protect its systems, internal credentials, and access privileges. Defendant thereby allegedly retained economic benefits that otherwise would have been expended on reasonable data security practices.

87. Plaintiff alleges, upon information and belief, that Defendant retained financial benefits from its business operations involving the handling of Plaintiff's and Class Members' Private Information while failing to provide reasonable security protections for that information.

88. Defendant accepted and retained the benefits associated with maintain secure access and control over Plaintiff's and Class Members' Private Information, while Plaintiff and Class Members were exposed to the consequences of the inadequate security practices alleged herein.

89. Had Plaintiff and Class Members known that their Private Information would be exposed to unreasonable risks of unauthorized access and disclosure through Defendant's systems and credentials, they would not have knowingly agreed to the handling of their Private Information under those conditions.

90. Under the circumstances alleged herein, Plaintiff asserts that it would be unjust and inequitable for Defendant to retain benefits attributable to its handling of Plaintiff's and Class Members' Private Information without providing the reasonable security protections associated with that handling.

91. As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members have suffered injuries, including loss of control over sensitive Private Information, reasonable expenditures to prevent or mitigate identity theft and fraud, lost time, and other legally cognizable losses.

92. Plaintiff and Class Members seek restitution of benefits unjustly retained by Defendant, to the extent that such benefits are properly attributable to Plaintiff and Class Members and recoverable under applicable law.

93. Plaintiff and Class Members further seek appropriate equitable relief, including restitution or other remedies recognized under governing law, to prevent Defendant from unjustly retaining recoverable benefits resulting from the conduct alleged herein.

94. Plaintiff pleads this claim in the alternative to the negligence-based claims and seeks equitable relief only to the extent that such relief is independently available and not barred by an adequate remedy at law.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF 625 ILCS 5/6-117.1**
**(On Behalf of Plaintiff and the Illinois Driver's License Subclass)**

95. Plaintiff incorporates the foregoing allegations as though fully set forth herein.

96. Plaintiff brings this claim individually and on behalf of the Illinois Driver's License Subclass against Defendant Fireworks.AI, Inc.

97. Section 6-117.1(a) of the Illinois Vehicle Code restricts the use of information obtained from driver's licenses for identification or commercial transactions.

98. Specifically, Section 6-117.1(a) provides that driver's licenses may not be disclosed to any third party without authorization.

99. Plaintiff and members of the Illinois Driver's License Subclass provided information from their Illinois driver's licenses in connection with their participation in Uber's platform and related identification, verification, or onboarding procedures.

100. Uber maintained images of drivers' licenses and information extracted from those images in a cloud-storage environment that, upon information and belief, Fireworks controlled access to, including maintaining authorized credentials and access privileges.

101. By failing to secure its access and control over the cloud storage environment, Defendant disclosed Plaintiff's and the other Subclass Members Private Information to a third party without their authorization when it transferred such data to unauthorized third parties through its systems.

102. Pursuant to 625 ILCS 5/6-117.1(b), Plaintiff and Subclass Members seek actual damages, but not less than liquidated damages of $250 for each established violation, together with reasonable attorney's fees and costs, and such other relief as may be available under applicable law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, prays for judgment against Defendant as to each and every cause of action, and the following remedies:

a. An Order certifying the Class and Subclass, defining the Class as requested herein, appointing Plaintiff as Class representative, and appointing his counsel as Class counsel;

b. An award of any actual, compensatory, and other damages permitted to Plaintiff and other Class Members, for all damages sustained as a result of Defendant's wrongdoing, in an amount to be proven at trial, including prejudgment interest thereon;

c. An order requiring Defendant to implement and maintain reasonable and appropriate data security measures to safeguard Plaintiff's and Class Members' Private Information against unauthorized access, acquisition, disclosure, theft, or misuse, including appropriate authentication procedures, credential-management practices, access controls, security monitoring, and incident-response protocols;

d. An order requiring Defendant to provide or fund appropriate credit monitoring, identity theft protection, and other remedial measures reasonably necessary to protect Plaintiff and Class Members from the consequences of the Data Breach;

e. An award of actual damages, but not less than liquidated damages of $250 for each violation of 625 ILCS 5/6-117.1 on behalf of Plaintiff and the Illinois Driver's License Subclass;

f. An award of reasonable attorneys' fees, costs, and other litigation expenses, including under 625 ILCS 5/6-117.1(b);

g. An award of pre- and post-judgment interest as available under law;

h. The disgorgement of any funds in the amount Defendant was unjustly enriched by its conduct; and

i. Such further and other relief as the Court deems just, reasonable, and equitable.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: November 17, 2026

MICHAL KOMORSKI, individually and on behalf of a class of similarly situated individuals

By: /s/ *Eugene Y. Turin*
One of Plaintiff's Attorneys

Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
680 E. Colorado Blvd., Suite 180
Pasadena, CA 91101
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Counsel for Plaintiff and the Putative Class Members*